UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACK JOSEPH BATTLE, JR., <br> Plaintiff, <br> v. <br> WARDEN BYRNE, et al., <br> Defendants. | Case No. 3:16-cv-00242-MMD-WGC <br><br> ORDER |

This habeas matter comes before the Court on respondents' motion to dismiss (ECF No. 9), which is not opposed.

Respondents contend in the motion to dismiss that claims that they designate as Grounds 1(B) and 2(B), 2(C) and 2(D) from the three-ground petition are unexhausted. In response, petitioner requests leave to withdraw "Grounds 1(B) and (2)." He requests that the Court "solely proceed on exhausted Ground (1)(A)," presumably along with the also remaining Ground 3 in the petition.

The Court will grant petitioner the relief that he specifically requests, which is a dismissal of Grounds 1(B) and 2 as withdrawn.

This dismissal in large part moots the motion to dismiss. The remaining claim designated by respondents as Ground 1(A) consists of a claim that petitioner was denied rights to due process, a fair trial and effective assistance of counsel due to cumulative error. The only cumulative error claim exhausted in the state courts was one of alleged cumulative ineffective assistance of trial and appellate counsel. Respondents contend

that the Court should consider cumulative error based upon only exhausted claims of ineffective assistance of counsel that also are presented in the federal petition. (ECF No. 9 at 8.)

The Court is not persuaded. If petitioner has exhausted the cumulative-error claim, then he may pursue that exhausted claim on federal habeas review even if he, for whatever reason, opts not to also pursue related ineffective-assistance claims in federal court. Respondents cite no authority to the contrary. That said, the Court expresses no opinion as to whether a petitioner can demonstrate that the rejection of an essentially now stand-alone cumulative error claim constituted an objectively unreasonable application of clearly established federal law where (a) the state courts held that petitioner had not been denied effective assistance on any individual claim and (b) petitioner does not challenge those holdings in specifically alleged claims in federal court.

It is therefore ordered that Grounds 1(B) and 2 are dismissed without prejudice as withdrawn by the petitioner.

It is further ordered that respondents' motion to dismiss (ECF No. 9) is denied as moot.

It is further ordered that respondents must file an answer to the remaining grounds in the petition within forty-five (45) days of entry of this order. Petitioner may file a reply within forty-five (45) days of service of the answer.

DATED THIS 14th day of November 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE